**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ATIBA MERIWEATHER,

    Petitioner,

                                     CASE NO. 2:14-CV-11457

v.                               HONORABLE MARIANNE O. BATTANI
                                  UNITED STATES DISTRICT COURT

DEWAYNE BURTON,

      Respondent,

_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS**
**CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND**
**GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

Atiba Meriweather, ("Petitioner"), confined at the Handlon Correctional

Facility in Ionia, Michigan, filed a pro se petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254, in which he challenges his convictions for four

counts of first-degree criminal sexual conduct, M.C.L.A. 750.520b(1)(a); and one

count of second-degree criminal sexual conduct, M.C.L.A. 750.520c(1)(a).  For

the reasons stated below, the petition for writ of habeas corpus is **DENIED**.

**I.  Background**

Petitioner was charged with sexually assaulting his biological daughter

several times when she was six or seven years old.  Petitioner was convicted

following a jury trial in the Wayne County Circuit Court.  This Court recites

verbatim the relevant facts relied upon by the Michigan Court of Appeals, which

1

are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). See

Wagner v. Smith, 581 F. 3d 410, 413 (6th Cir. 2009):

> The victim testified that defendant inserted his penis and finger into her vagina more than three times.  The victim also testified that defendant licked her genital area with his tongue.  The testimony of a victim alone is sufficient evidence to establish defendant's guilt beyond a reasonable doubt.  However, the victim's testimony was corroborated by her foster mother and the doctor who examined her, both of whom testified that the victim told them defendant was the person who sexually abused her.  On the other hand, the victim's mother testified that she was not aware of defendant sexually abusing the victim and the victim denied she was sexually abused when the victim's mother questioned her.  Defendant testified that he did not sexually abuse the victim at his house or his barber shop, and that he felt the victim was being coerced by the police, the prosecution, and child protective services.  The jury heard the evidence presented by each side and determined that the victim's testimony was credible.

People v. Meriweather, No. 292133, * 2 (Mich.Ct.App. March 17, 2011)(internal citations omitted).

Petitioner's conviction was affirmed on appeal. Id.; lv. den. 489 Mich. 994,

800 N.W.2d 90 (2011).

Petitioner filed a petition for writ of habeas corpus, which was dismissed

without prejudice because petitioner had failed to exhaust his claims with the

state courts. Meriweather v. Berghuis, No. 11-14367, 2011 WL 5975286

(E.D.Mich. November 29, 2011).

Petitioner filed a post-conviction motion for relief from judgment with the

state court, which was denied. People v. Meriweather, No. 08-016191-01 (Wayne

County Circuit Court, October 2, 2012).  The Michigan appellate courts denied

petitioner leave to appeal. <u>People v. Meriweather</u>, No. 315042 (Mich.Ct.App.

October 8, 2013); <u>lv. den.</u> 495 Mich. 977, 843 N.W.2d 760 (2014).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Trial judge abused his discretion in failing to consider petitioner was deprived a meaningful direct appeal where petitioner was deprived access to the records/transcripts, trial judge abused his discretion where he failed to rule on petitioner's several motions (sic) filed.

II. Petitioner was denied due process where he was not given adequate notice of the charges in order to enable him to present a defense and was denied the ability to protect himself from double jeopardy.

III. Petitioner was denied his Sixth Amendment right to effective assistance of counsel, where counsel, with no strategic purpose, made numerous outcome determinative errors, depriving him of his right to a fair trial.

IV. A hearing must be ordered to allow petitioner the opportunity to show that the prosecutor's numerous acts of misconduct ultimately denied him a fair trial.

V. Petitioner was denied his Sixth Amendment right to a fair trial where Dr. Nazer testified outside the scope of her allowed testimony by stating that the victim's allegations are truthful.

VI. Petitioner was denied his Sixth Amendment right to a fair trial where the jury was allowed to hear and consider inadmissible hearsay evidence in violation of M.R.E. 803A.

VII. Petitioner was constructively denied the right to counsel, where counsel failed to subject the prosecutor's case to any meaningful adversarial testing.

VIII. Petitioner is constructively being denied the right to effective assistance of appellate counsels where counsels failed to investigate and or obtain witness statements, transcripts, and other exculpatory evidence prior to filing his supplemental brief on appeal.

3

IX. Petitioner's conviction must be reversed where his Fourth Amendment rights were violated by the failure to establish probable cause prior to issuing the complaint and arrest warrant.

X. Petitioner was denied his Sixth Amendment right to counsel at a critical stage rendering the entire process unreliable, requiring an automatic reversal.

XI. Petitioner was denied his Sixth Amendment right to a fair trial where the errors committed, individually and collectively rendered the trial fundamentally unfair, thereby negating a harmless error decision.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA), imposes the following standard of review for

habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if

the state court arrives at a conclusion opposite to that reached by the Supreme

Court on a question of law or if the state court decides a case differently than the

Supreme Court has on a set of materially indistinguishable facts. Williams v.

4

Taylor, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 410-11.

"[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S.Ct. 770, 786 (2011)(citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. Id. To obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 131 S. Ct. at 786-87.

5

Finally, the Court notes that petitioner raises eleven claims in his habeas petition. The Sixth Circuit recently observed: "When a party comes to us with nine grounds for reversing the district court, that usually means there are none." Fifth Third Mortgage v. Chicago Title Ins., 692 F.3d 507, 509 (6th Cir. 2012).

### III. Discussion

### A. Claim # 1. The denial of transcripts/motions claim.

In his first claim, petitioner contends that he was denied a meaningful direct appeal because he was not provided with copies of the transcripts to prepare his own pro per supplemental Standard 4 brief on appeal that petitioner filed in addition to the appellate brief filed by his appellate counsel. Petitioner also claims that the trial judge abused his discretion by failing to adjudicate several motions that petitioner filed with his post-conviction motion.

Petitioner's appellate counsel filed an appellate brief with the Michigan Court of Appeals, raising two claims for relief. Petitioner filed his own pro se brief on appeal, in which he raised four additional claims. Petitioner claims that he was never provided with copies of the trial transcripts to assist him with preparing his pro se Standard 4 appeal brief. [1]

Petitioner fails to state a claim upon which relief can be granted. A criminal defendant has no federal constitutional right to self-representation on

---

[1]   Standard 4 of Administrative Order 2004-6, 471 Mich. cii (2004), "explicitly provides that a pro se brief may be filed within 84 days of the filing of the brief by the appellant's counsel, and may be filed with accompanying motions." Ware v. Harry, 636 F. Supp. 2d 574, 594, n. 6 (E.D. Mich. 2008).

direct appeal from a criminal conviction. Martinez v. Court of Appeal of California, 528 U.S. 152, 163 (2000).  This is because the rights protected by the Sixth Amendment, including the right to self-representation, are rights that are available to prepare for trial and at the trial itself.  However, the Sixth Amendment does not include any right to appeal. Id. at 160.  The Supreme Court also rejected the idea that the right to self-representation on appeal could be grounded in the Due Process Clause [of the Fourteenth Amendment], because "[U]nder the practices that prevail in the Nation today, however, we are entirely unpersuaded that the risk of either disloyalty or suspicion of disloyalty is a sufficient concern to conclude that a constitutional right of self-representation is a necessary component of a fair appellate proceeding". Martinez, 528 U.S. at 161.

Thus, there is no constitutional entitlement to submit a pro se appellate brief on direct appeal from a criminal conviction in addition to a brief submitted by appellate counsel. See McMeans v. Brigano, 228 F. 3d 674, 684 (6th Cir. 2000).  By accepting the assistance of counsel, the criminal appellant waives his right to present pro se briefs on direct appeal. Myers v. Johnson, 76 F. 3d 1330, 1335 (5th Cir. 1996); See also Henderson v. Collins, 101 F. Supp. 2d 866, 881 (S.D. Ohio 1999); aff'd in part, vacated in part on other grds 262 F. 3d 615 (6th Cir. 2001)(defendant who was represented by counsel and also sought to submit pro se brief upon appeal did not have right to such hybrid representation).

Because petitioner chose to be represented by appellate counsel, any failure by the trial court or appellate counsel to provide petitioner with the trial transcripts so that he could prepare his own pro se brief did not violate petitioner's constitutional rights. See U.S. v. Dierling, 131 F.3d 722, 734, n. 7 (8th Cir. 1997); Foss v. Racette, 2012 WL 5949463, * 4 (W.D.N.Y. November 28, 2012); See also Willis v. Lafler, 2007 WL 3121542, * 18 (E.D. Mich. October 24, 2007)(petitioner not entitled to habeas relief based upon trial court's failure to rule on petitioner's post-trial motion to compel copies of transcripts and videotapes when petitioner was represented by appellate counsel).

Petitioner also argues that the trial judge erred in failing to adjudicate several motions that he filed with his post-conviction motion for relief from judgment.

Petitioner's claim that the trial court failed to adequately adjudicate his post-conviction motion is non-cognizable. This Court notes that "[t]he Sixth Circuit consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review." Cress v. Palmer, 484 F. 3d 844, 853 (6th Cir. 2007). Thus, a federal habeas corpus petition cannot be used to mount a challenge to a state's scheme of post-conviction relief. See Greer v. Mitchell, 264 F. 3d 663, 681 (6th Cir. 2001). The reason for this is that the states have no constitutional obligation to provide post-conviction remedies. Id. (citing to Pennsylvania v. Finley, 481 U.S. 551, 557 (1987)). Challenges to state collateral

8

post-conviction proceedings "cannot be brought under the federal habeas corpus provision, 28 U.S.C. § 2254," because "'the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody.'" Kirby v. Dutton, 794 F. 2d 245, 246 (6th Cir. 1986)(quoting Preiser v. Rodriguez, 411 U.S. 475, 484 (1973)).  "A due process claim related to collateral post-conviction proceedings, even if resolved in a petitioner's favor, would not 'result [in] ... release or a reduction in ... time to be served or in any other way affect his detention because we would not be reviewing any matter directly pertaining to his detention.'" Cress, 484 F. 3d at 853 (quoting Kirby, 794 F. 2d at 247).  Thus, the "'scope of the writ'" does not encompass a " 'second tier of complaints about deficiencies in state post-conviction proceedings.'" Cress, 484 F. 3d at 853 (quoting Kirby, 794 F. 2d at 248).  "[T]he writ is not the proper means to challenge collateral matters as opposed to the underlying state conviction giving rise to the prisoner's incarceration." Id. (internal quotations omitted).  Petitioner's allegation that his constitutional rights were violated when the state post-conviction relief court failed to rule on some of the motions that he filed with his post-conviction motion does not rise to the level of a cognizable claim and cannot serve as a basis for granting petitioner habeas relief.

### B.  Claim # 2.  The adequacy of the information claim.

Petitioner next contends that the amended information filed on the day of

9

trial failed to provide petitioner with adequate notice of the charges against him. Petitioner claims that the amended information was inadequate because it simply charged him with acts which occurred sometime throughout 2008 without giving him an adequate date, time, or place for where and when the sexual assaults took place.

A state criminal defendant has a due process right to be informed of the nature of the accusations against him or her. Lucas v. O'Dea, 179 F. 3d 412, 417 (6th Cir. 1999). Notice and opportunity to defend against criminal charges as guaranteed by the Sixth Amendment to the United States Constitution are an integral part of the due process protected by the Fourteenth Amendment and therefore apply to state prosecutions. Cole v. Arkansas, 333 U.S. 196, 201 (1948); In Re Oliver, 333 U.S. 257, 273 (1948). "The due process clause of the Fourteenth Amendment mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense." Olsen v. McFaul, 843 F. 2d 918, 930 (6th Cir. 1988).

A complaint or indictment need not be perfect under state law so long as it adequately informs the petitioner of the crime in sufficient detail so as to enable him or her to prepare a defense. Therefore, an indictment "which fairly but imperfectly informs the accused of the offense for which he is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings." Mira v.

10

Marshall, 806 F. 2d 636, 639 (6th Cir. 1986); Dell v. Straub, 194 F. Supp. 2d 629, 653-54 (E.D. Mich. 2002).  An alleged defect in a state court information or indictment is therefore not constitutional error unless a habeas petitioner can establish that: (1) he did not receive adequate notice of the charges; and (2) he was therefore denied the opportunity to defend himself against the charges. See Roe v. Baker, 316 F.3d 557, 570 (6th Cir. 2002).  In addition, "When reviewing amendments to state charging documents in habeas corpus proceedings, the federal courts focus on the questions whether the defendant was surprised by the amendment or otherwise prejudiced in his ability to defend himself at trial." Rhea v. Jones, 622 F. Supp. 2d 562, 583 (W.D. Mich. 2008)(citing Tague v. Richards, 3 F.3d 1133, 1141–42 (7th Cir. 1993); Wright v. Lockhart, 854 F.2d 309, 312–13 (8th Cir. 1988)).

Petitioner is unable to show that he was surprised by the amendment of the information or that he was prejudiced in his ability to defend himself at trial.

The Sixth Circuit and other courts have noted "[t]hat fairly large time windows in the context of child abuse prosecutions are not in conflict with constitutional notice requirements." Valentine v. Konteh, 395 F. 3d 626, 632 (6th Cir. 2005)(collecting cases).  Although "prosecutors should be as specific as possible in delineating the dates and times of abuse offenses," courts "must acknowledge the reality of situations where young child victims are involved." Id. The Sixth Circuit has several times rejected claims similar to petitioner's claim

because there is no clearly established Supreme Court precedent requiring that

an information or indictment in a criminal sexual assault case involving minors

must specify the date and time of the alleged assault in order to satisfy due

process. See Coles v. Smith, 577 Fed. Appx. 502, 510 (6th Cir. 2014)(state

court's determination that defendant was not prejudiced by lack of dates in

indictment alleging multiple rape charges, and thus that defendant was not

denied due process, was not contrary to clearly established federal law as

determined by the Supreme Court of the United States, as required to grant

federal habeas relief); Bruce v. Welch, 572 Fed. Appx. 325, 330-1 (6th Cir.

2014)(four year time frame in indictment charging sexual assaults against minor

did not conflict with constitutional notice requirements); Stevenson v. Scutt, 531

Fed. Appx. 576, 580 (6th Cir. 2013)(State prisoner was not entitled to federal

habeas corpus relief on claim that Michigan court's determination that he had

adequate notice of charge for criminal sexual conduct, despite allegation in

indictment that offense was committed in "winter 2004," rather than winter of

2004-2005, where prisoner failed to identify any Supreme Court precedent upon

which he relied, nor cited to any case with fact pattern analogous to his own).

In any event, an accused's constitutional right to notice of the criminal

charge or charges brought against him or her can be satisfied by other means,

Stevenson, 531 Fed. Appx. at 580 (noting that victim's testimony from the

preliminary examination provided petitioner with notice of the time frame of the

assaults).  The Michigan Court of Appeals in petitioner's case ruled that the victim's testimony from the preliminary examination provided adequate specificity for the amended information.  The victim's testimony from the preliminary examination thus provided petitioner with adequate notice of the charges against him.

Moreover, petitioner was convicted by a jury after a trial.  The Ninth Circuit has observed that neither Cole v. Arkansas, supra, nor In re Oliver, supra, "foreclose the premise that constitutionally adequate notice may come from evidence presented at trial." See Troches v. Terhune, 74 Fed. Appx. 736, 737 (9th Cir. 2003).  The victim's testimony at trial was sufficient to afford petitioner adequate notice of the charges against him. Bruce, 572 Fed. Appx. at 331.

Petitioner has failed to show that he lacked adequate notice of the charges against him in this case and is not entitled to habeas relief on his second claim.

### C.  Claims # 3, 4, 7, 8 and 10.  The trial and appellate counsel claims.

The Court will consolidate petitioner's third, seventh, eighth and tenth claims together for judicial clarity because they all allege that petitioner was denied the effective assistance of trial and appellate counsel.  The Court will also discuss petitioner's fourth claim alleging prosecutorial misconduct because it is related to his ineffective assistance of trial counsel claim.

Taking petitioner's tenth claim first, petitioner alleges that he was denied

13

the right to the assistance of counsel at a critical stage when he was not

provided counsel at the arraignment on the warrant.

An arraignment on the warrant in Michigan is not considered a critical

stage of the proceedings upon which counsel is required by the Sixth

Amendment to the U.S. Constitution. See Lundberg v. Buchkoe, 389 F. 2d 154,

158 (6th Cir. 1968). This is especially so in the absence of any evidence that the

petitioner made an incriminating statement at the arraignment on the warrant,

entered a plea of guilty, or lost or waived any defense. Id., See also Doyle v.

Scutt, 347 F. Supp. 2d 474, 481 (E.D. Mich. 2004). Petitioner has not alleged

that he made any incriminating statement at his arraignment on the warrant or

that he lost any available defenses by not pleading them at his arraignment on

the warrant. Thus, he is not entitled to habeas relief on this claim. Id.

In his third, seventh, and eighth claims, petitioner alleges that he was

denied the effective assistance of trial and appellate counsel.

To show that he was denied the effective assistance of counsel under

federal constitutional standards, a defendant must satisfy a two prong test. First,

the defendant must demonstrate that, considering all of the circumstances,

counsel's performance was so deficient that the attorney was not functioning as

the "counsel" guaranteed by the Sixth Amendment. Strickland v. Washington,

466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong

presumption that counsel's behavior lies within the wide range of reasonable

14

professional assistance. Id.  In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. Strickland, 466 U.S. at 689.  Second, the defendant must show that such performance prejudiced his defense. Id.  To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  "Strickland's test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" Storey v. Vasbinder, 657 F.3d 372, 379 (6th Cir. 2011)(quoting Harrington, 131 S. Ct. at 792).  The Supreme Court's holding in Strickland places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. See Wong v. Belmontes, 558 U.S. 15, 27 (2009).  The Strickland standard applies as well to claims of ineffective assistance of appellate counsel. See Whiting v. Burt, 395 F. 3d 602, 617 (6th Cir. 2005).

    In his seventh claim, petitioner contends that he was constructively denied the assistance of trial counsel because his attorney failed to subject the prosecution's case to any meaningful adversarial testing.

    Where defense counsel entirely fails to subject the prosecution's case to "meaningful adversarial testing," there has been a constructive denial of counsel,

and a defendant need not make a showing of prejudice to establish ineffective assistance of counsel. Moss v. Hofbauer, 286 F. 3d 851, 860 (6th Cir. 2002)(quoting United States v. Cronic, 466 U.S. 648, 659 (1984)). However, in order for a presumption of prejudice to arise based on an attorney's failure to test the prosecutor's case, so that reversal based on ineffective assistance of counsel is warranted without any inquiry into prejudice, the attorney's failure to test the prosecutor's case "must be complete." Bell v. Cone, 535 U.S. 685, 697 (2002).

In the present case, trial counsel's alleged errors did not rise to the level of the constructive denial of counsel, because counsel actively represented petitioner at his trial. Moss, 286 F. 3d at 860-62. Defense counsel participated in jury selection, made an opening statement, extensively cross-examined the witnesses, made objections, called petitioner to testify on his own behalf, and made a closing argument.

The Cronic presumption "applies only where defense counsel completely or entirely fails to oppose the prosecution throughout the guilt or penalty phase as a whole." Benge v. Johnson, 474 F. 3d 236, 247 (6th Cir. 2007)(citing Bell, 535 U.S. at 697). In the present case, trial counsel's alleged failures do not amount to a complete failure to provide a defense. The presumption of prejudice therefore does not apply and petitioner would be required to show that he was actually prejudiced by counsel's alleged omissions in order to obtain habeas

16

relief. Id.

In his third claim, petitioner first alleges that trial counsel was ineffective for failing to object to the lack of specificity in the amended information concerning the dates and times of the sexual assaults.

As mentioned when discussing petitioner's second claim, the amended information adequately placed petitioner on notice of the charges against him. Because petitioner has failed to show that he was prejudiced by the amendment to the information, petitioner is unable to establish that counsel was ineffective for failing to challenge the amendment of the information at trial. See Olden v. U.S., 224 F.3d 561, 567 (6th Cir. 2000)(counsel's failure to challenge indictment for variance was not ineffective assistance of counsel, where defendant did not establish prejudice from any purported variance).

Petitioner next contends that trial counsel was ineffective for failing to investigate or to call four witnesses, Bennie Lane, DoShan Taylor, Akisha Meriweather, and Loreal Bell, whom petitioner claims would have exculpated him of these crimes.

The Court first notes that petitioner has failed to provide either the Michigan courts on direct appeal or on post-conviction review with the affidavits from Lane, Taylor, or Akisha Meriweather, nor has he provided this Court with affidavits from these three witnesses.  Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for

17

habeas relief. See Workman v. Bell, 178 F.3d 759, 771 (6th Cir. 1998).  By failing to present any evidence to the state courts in support of his ineffective assistance of claim, petitioner is not entitled to an evidentiary hearing on his ineffective assistance of counsel claim with this Court. See Cooey v. Coyle, 289 F. 3d 882, 893 (6th Cir. 2002)(citing 28 U.S.C. § 2254(e)(2)(A)(ii)).  Petitioner has offered, neither to the Michigan courts nor to this Court, any evidence beyond his own assertions as to whether the witnesses would have been able to testify and what the content of these witnesses' testimony would have been.  In the absence of such proof, petitioner is unable to establish that he was prejudiced by counsel's failure to call these three witnesses to testify at trial, so as to support the second prong of an ineffective assistance of counsel claim. See Clark v. Waller, 490 F. 3d 551, 557 (6th Cir. 2007).

With respect to Loreal Bell, petitioner has provided her affidavit to this Court, but has failed to offer any argument as to how her testimony would have exculpated him of these crimes.  Bell claims in her affidavit that she lived with petitioner on Buena Vista Street in Detroit, Michigan from April 2006 to June or July of 2007 until she moved with her children to Pennsylvania Street in Detroit, Michigan.  Bell claims that petitioner and his daughter would come to visit her and her children at the Pennsylvania street address.  Bell claims that petitioner never abused the victim at her house.  This Court notes that several of the sexual assaults in this case took place at petitioner's home or barbershop.  Even

18

if Bell could testify that petitioner did not sexually assault the victim at her home, it would not have absolved him of the charges.  A defense counsel has no obligation to present evidence or testimony that would not have exculpated the defendant. See Millender v. Adams, 376 F. 3d 520, 527 (6th Cir. 2004)(internal quotation omitted).  Counsel was not ineffective for failing to call Bell as a witness, because her testimony would not have exculpated petitioner of all of the charges.

Petitioner next claims that trial counsel was ineffective for failing to investigate or review the file from a child neglect case in the Family Division of the Wayne County Circuit Court which arose out of the same allegations. Petitioner claims that the testimony from this hearing established that the victim's mother was a stripper who "moved her family consistently from man to man." Petitioner contends that trial counsel should have investigated whether any of these men were the victim's actual assailants.

Petitioner has presented no evidence to this Court establishing that another person assaulted his daughter.  Indeed, because this was petitioner's own daughter, the chances of misidentification approached absolute zero.  Since there was no evidence linking another man to the sexual assaults, trial counsel was not ineffective in failing to pursue a third party culpability defense. See e.g. Robins v. Fortner, 698 F. 3d 317, 331 (6th Cir. 2012).

Petitioner finally claims that trial counsel was ineffective for failing to object

19

to various instances of prosecutorial misconduct.  In his fourth claim, petitioner

contends that he was denied a fair trial because of prosecutorial misconduct.

The Court will discuss these claims together for judicial clarity.

"Claims of prosecutorial misconduct are reviewed deferentially on habeas

review." Millender v. Adams, 376 F.3d 520, 528 (6th Cir. 2004)(citing Bowling v.

Parker, 344 F. 3d 487, 512 (6th Cir. 2003)).  A prosecutor's improper comments

will be held to violate a criminal defendant's constitutional rights only if they "'so

infected the trial with unfairness as to make the resulting conviction a denial of

due process.'" Darden v. Wainwright, 477 U.S. 168, 181 (1986)(quoting Donnelly

v. DeChristoforo, 416 U.S. 637, 643 (1974)).  Prosecutorial misconduct will thus

form the basis for habeas relief only if the conduct was so egregious as to render

the entire trial fundamentally unfair based on the totality of the circumstances.

Donnelly v. DeChristoforo, 416 U.S. at 643-45.  In order to obtain habeas relief

on a prosecutorial misconduct claim, a habeas petitioner must show that the

state court's rejection of his prosecutorial misconduct claim "was so lacking in

justification that there was an error well understood and comprehended in

existing law beyond any possibility for fairminded disagreement." Parker v.

Matthews, 132 S. Ct. 2148, 2155 (2012)(quoting Harrington, 131 S. Ct., at

786–87)).

Petitioner initially contends that the prosecutor committed misconduct by

alleging to provide specificity in the information.  This claim has already been

rejected by the Court in Claim # 2, supra.

Petitioner next contends that the prosecutor made arguments unsupported by the evidence. Petitioner, however, fails to offer any specific examples of how the prosecutor's arguments were unsupported or improper. Conclusory allegations of prosecutorial misconduct fail to state a claim upon which habeas relief can be granted. See Johnson v. Renico, 314 F. Supp. 2d 700, 710 (E.D. Mich. 2004).

Petitioner further claims that the prosecutor committed misconduct by eliciting testimony concerning uncharged instances of domestic violence involving petitioner.

Although petitioner has framed his evidentiary claim as a prosecutorial misconduct challenge, "it amounts in the end to a challenge to the trial court's decision to allow the introduction of this evidence." Webb v. Mitchell, 586 F. 3d 383, 397 (6th Cir. 2009). "A prosecutor may rely in good faith on evidentiary rulings made by the state trial judge and make arguments in reliance on those rulings." Cristini v. McKee, 526 F.3d 888, 900 (6th Cir. 2008). Furthermore, it is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. Id. Errors in the application of state law, especially rulings regarding the

21

admissibility of evidence, are usually not questioned by a federal habeas court. Seymour v. Walker, 224 F. 3d 542, 552 (6th Cir. 2000).

To the extent that petitioner claims that the state court violated M.R.E. 404(b) by admitting these prior bad acts into evidence, he would not be entitled to habeas relief because such a claim is non-cognizable on habeas review. Bey v. Bagley, 500 F 3d 514, 519 (6th Cir. 2007); Estelle, 502 U.S. at 72 (Supreme Court's habeas powers did not permit Court to reverse state court conviction based on their belief that the state trial judge erred in ruling that prior injury evidence was admissible as bad acts evidence under California law); Dowling v. U.S., 493 U.S. 342, 352-53 (1990)(admission at defendant's bank robbery trial of "similar acts" evidence that he had subsequently been involved in a house burglary for which he had been acquitted did not violate due process).  The admission of this "prior bad acts" or "other acts" evidence against petitioner at his state trial does not entitle him to habeas relief, because there is no clearly established Supreme Court law which holds that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence. See Bugh v. Mitchell, 329 F. 3d 496, 512 (6th Cir. 2003).

Petitioner lastly contends that the prosecutor offered perjured testimony.

The deliberate deception of a court and jurors by the presentation of known and false evidence is incompatible with the rudimentary demands of justice.

22

Giglio v. United States, 405 U.S. 150, 153 (1972).  There is also a denial of due process when the prosecutor allows false evidence or testimony to go uncorrected. Napue v. Illinois, 360 U.S. 264, 269 (1959)(internal citations omitted).  To prevail on a claim that a conviction was obtained by evidence that the government knew or should have known to be false, a defendant must show that the statements were actually false, that the statements were material, and that the prosecutor knew they were false. Coe v. Bell, 161 F. 3d 320, 343 (6th Cir. 1998).  However, a habeas petitioner must show that a witness' statement was "indisputably false," rather than misleading, to establish a claim of prosecutorial misconduct or a denial of due process based on the knowing use of false or perjured testimony. Byrd v. Collins, 209 F. 3d 486, 517-18 (6th Cir. 2000).

Mere inconsistencies in a witness' testimony do not establish the knowing use of false testimony by the prosecutor. Coe, 161 F. 3d at 343.  Additionally, the fact that a witness contradicts himself or herself or changes his or her story also does not establish perjury either. Malcum v. Burt, 276 F. Supp. 2d 664, 684 (E.D. Mich. 2003)(citing Monroe v. Smith, 197 F. Supp. 2d 753, 762 (E.D. Mich. 2001)).  A habeas petition should be granted if perjury by a government witness undermines the confidence in the outcome of the trial. Id.

Petitioner is not entitled to relief on his claim because he has presented no evidence to show that any of the prosecutor's witnesses perjured themselves.

23

Conclusory allegations of perjury in a habeas corpus petition must be corroborated by some factual evidence. Barnett v. United States, 439 F.2d 801, 802 (6th Cir.1971). More importantly, assuming that any of these witnesses testified falsely, petitioner is still not entitled to habeas relief on his perjury claim, because he has failed to show that the prosecutor knew that these witnesses testified falsely at petitioner's trial. See Rosencrantz v. Lafler, 568 F. 3d 577, 587 (6th Cir. 2009). Petitioner is not entitled to relief on his prosecutorial misconduct claim.

To show prejudice under Strickland for failing to object to prosecutorial misconduct, a habeas petitioner must show that but for the alleged error of his trial counsel in failing to object to the prosecutor's improper questions and arguments, there is a reasonable probability that the proceeding would have been different. Hinkle v. Randle, 271 F. 3d 239, 245 (6th Cir. 2001). Because the Court has already determined that the prosecutor's comments or conduct did not deprive petitioner of a fundamentally fair trial, petitioner is unable to establish that he was prejudiced by counsel's failure to object to the alleged misconduct. See Slagle v. Bagley, 457 F. 3d 501, 528 (6th Cir. 2006).

In his eighth claim, petitioner contends that he was constructively denied the right to the effective assistance of appellate counsel because his various appellate counsels failed to adequately represent him on his appeal of right.

Petitioner's first appellate attorney, Neil Leithauser, was allowed to

24

withdraw as counsel after a conflict developed between petitioner and himself. Petitioner's new appellate counsel, Michael McCarthy, filed a 33-page appellate brief on Meriweather's behalf that raised two issues.  Petitioner then filed a pro per brief under Standard 4 which raised several additional issues.

On July 29, 2010, petitioner moved for Michael McCarthy to be replaced as appellate counsel.  Rose Mary C. Robinson was appointed to replace McCarthy as petitioner's appellate counsel.

On November 3, 2010, appellate attorney Rose Mary C. Robinson sought permission from the Court of Appeals to file a "substitute or supplemental appellant's brief."  The Michigan Court of Appeals entered an order granting Ms. Robinson's motion on November 10, 2010.  Appellate counsel was given 28 days to file a substitute or supplemental appellate brief. People v. Meriweather, No. 292133 (Mich.Ct.App. November 10, 2010).  Ms. Robinson was subsequently granted permission to withdraw as appellate counsel because of an illness.

Jonathan B. D. Simon was subsequently appointed as substitute appellate counsel on December 20, 2010. [2]  On January 4, 2011, Mr. Simon filed a motion for a Ginther hearing [3] in the Michigan Court of Appeals.  The motion for a

---

[2]  See Michigan Court of Appeals Docket Sheet, Entry # 84 [part of this Court's Dkt. # 8-17].

[3] People v. Ginther, 390 Mich. 436, 443; 212 N.W. 2d 922 (1973).  A Ginther hearing is an evidentiary hearing conducted on an ineffective assistance of counsel claim.

Ginther hearing was denied on February 16, 2011.  People v. Meriweather, No.

292133 (Mich.Ct.App. February 16, 2011).  The Michigan Court of Appeals

ultimately affirmed petitioner's conviction on March 17, 2011.

Petitioner attached a letter from Mr. Simon to his petition, See R. 1-1, Pg ID

# 126, where Mr. Simon advises petitioner that the Court of Appeals had given

him until December 8, 2010 to file a supplemental brief but that petitioner had

not provided one to Mr. Simon until nearly three months after the deadline and

that Simon had already appeared for oral argument.

Petitioner's primary claim is that none of his appellate counsel ever

provided him with copies of the trial transcripts or records so that petitioner could

prepare his Standard 4 supplemental brief.  As mentioned in addressing

petitioner's first claim, petitioner was always represented by appellate counsel.

Petitioner had no right to hybrid representation, thus, the failure of appellate

counsel to assist him with his Standard 4 supplemental brief did not violate

petitioner's constitutional rights.

Petitioner has also failed to show that he was constructively denied the

assistance of appellate counsel.

The Supreme Court has held that the "[a]ctual or constructive denial of the

assistance of counsel altogether is legally presumed to result in prejudice."

Strickland, 466 U.S. at 692.  However, in order for a presumption of prejudice to

arise based on an attorney's failure to test the prosecutor's case, so that reversal

26

based on ineffective assistance of counsel is warranted without any inquiry into prejudice, the attorney's failure to test the prosecutor's case "must be complete." Bell v. Cone, 535 U.S. at 697. The presumption of prejudice extends to the denial of counsel on appeal. Penson v. Ohio, 488 U.S. 75, 88 (1988). However, a case in which a defendant is denied counsel on appeal "is unlike a case in which counsel fails to press a particular argument on appeal...or fails to argue an issue as effectively as he or she might." Penson, 488 U.S. at 88 (internal citation omitted). Thus, although the denial of counsel altogether on appeal warrants a presumption of prejudice, mere ineffective assistance of counsel on appeal does not. Smith v. Robbins, 528 U.S. 259, 286 (2000).

In the present case, the petitioner's second appellate counsel, Michael McCarthy, filed a thirty three page brief on appeal which raised two claims that the Michigan Court of Appeals considered as part of petitioner's appeal of right. Petitioner's fourth appellate counsel, Mr. Simon, filed a motion for a Ginther hearing at petitioner's request and later appeared for oral argument. Because appellate counsel actually filed an appellate brief, a motion for a Ginther hearing, and appeared for oral argument, there is no structural error and the presumption of prejudice does not apply.

Moreover, petitioner is unable to show that any of his appellate counsel were ineffective for failing to raise the various claims that petitioner argues should have been raised in his appeal of right. It is well-established that a

27

criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. See Jones v. Barnes, 463 U.S. 745, 751 (1983).  "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" Shaneberger v. Jones, 615 F. 3d 448, 452 (6th Cir. 2010)(quoting Greer v. Mitchell, 264 F.3d at 676).  In light of the fact that none of the claims raised by petitioner in his habeas application have any merit, appellate counsel were not ineffective for failing to raise them on petitioner's direct appeal.  Petitioner is not entitled to habeas relief on his eighth claim.

### D.  Claims # 5 and # 6. The evidentiary law claims.

The Court will discuss petitioner's fifth and sixth evidentiary law claims together for judicial clarity.

In his fifth claim, petitioner claims that the prosecution's expert witness, Dr. Nazer, went beyond the scope of her expertise by testifying that the victim's disclosure and her presentation with two sexually transmitted diseases were consistent with sexual abuse and that that her answers were very accurate.

Federal habeas corpus relief does not lie for errors of state law. Lewis v. Jeffers, 497 U.S. 764, 780 (1990).  The admission of expert testimony in a state trial presents a question of state law which does not warrant federal habeas relief, unless the evidence violates due process or some other federal constitutional right. See Keller v. Larkins, 251 F. 3d 408, 419 (3rd Cir. 2001).  Thus, a federal district court cannot grant habeas relief on the admission of an

expert witness' testimony in the absence of Supreme Court precedent which shows that the admission of that expert witness' testimony on a particular subject violates the federal constitution. See Wilson v. Parker, 515 F.3d 682, 705-06 (6th Cir. 2008).  The admission of Dr. Nazer's testimony regarding her belief as to whether the victim was being truthful or accurate regarding petitioner's sexual abuse was not contrary to, or an unreasonable application of, clearly established federal law, so as to entitle petitioner to habeas relief. See e.g. Schoenberger v. Russell, 290 F. 3d 831, 834-35 (6th Cir. 2002).

In his sixth claim, petitioner alleges that the trial court erred in admitting hearsay statements of the victim that did not qualify under M.R.E. 803A, the tender years exception to the hearsay rule.

The admissibility of evidence under Michigan's hearsay rules is not cognizable in a habeas corpus proceeding. See Byrd v. Tessmer, 82 Fed.Appx. 147, 150 (6th Cir. 2003); See also Rhea v. Jones, 622 F. Supp. 2d at 589; Cathron v. Jones, 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002)(petitioner's claim that state court erred in admitting hearsay testimony under state evidentiary rule governing declarations against penal interest not cognizable in federal habeas review, where the claim alleged a violation of state law, not a violation of federal constitutional rights).  The admission of this testimony in violation of Michigan's rules of evidence would not entitle petitioner to relief.

29

**E. Claim # 9. The illegal arrest claim.**

Petitioner next contends that his conviction should be reversed because the police lacked probable cause to issue an arrest warrant or a complaint.

Petitioner is not entitled to habeas relief on his Fourth Amendment claim. A federal habeas review of a petitioner's arrest or search by state police is barred where the state has provided a full and fair opportunity to litigate an illegal arrest or a search and seizure claim. Stone v. Powell, 428 U.S. 465, 494-95 (1976); Machacek v. Hofbauer, 213 F. 3d 947, 952 (6th Cir. 2000). For such an opportunity to have existed, the state must have provided, in the abstract, a mechanism by which the petitioner could raise the claim, and presentation of the claim must not have been frustrated by a failure of that mechanism. Riley v. Gray, 674 F. 2d 522, 526 (6th Cir. 1982). The relevant inquiry is whether a habeas petitioner had an opportunity to litigate his or her claims, not whether he or she in fact did so or even whether the Fourth Amendment claim was correctly decided. See Wynne v. Renico, 279 F. Supp. 2d 866, 892 (E.D. Mich. 2003); rev'd on other grds 606 F.3d 867 (6th Cir. 2010). Indeed, under Stone, the correctness of a state court's conclusions regarding a Fourth Amendment claim "is simply irrelevant." See Brown v. Berghuis, 638 F. Supp, 2d 795, 812 (E.D. Mich. 2009). "The courts that have considered the matter 'have consistently held that an erroneous determination of a habeas petitioner's Fourth Amendment claim does not overcome the Stone v. Powell bar.'" Id. (quoting

30

Gilmore v. Marks, 799 F.2d 51, 57 (3ʳᵈ Cir. 1986)).  Thus, an argument by a habeas petitioner that is "directed solely at the correctness of the state court decision [on a Fourth Amendment claim] 'goes not to the fullness and fairness of his opportunity to litigate the claim[s], but to the correctness of the state court resolution, an issue which Stone v. Powell makes irrelevant.'" Brown, 638 F. Supp. 2d at 812-13 (quoting Siripongs v. Calderon, 35 F. 3d 1308, 1321 (9ᵗʰ Cir.1994)).

Petitioner raised his Fourth Amendment claim in his post-conviction motion for relief from judgment before the state trial and appellate courts.  Because petitioner was able to challenge the legality of the arrest and complaint in his post-conviction motion, petitioner had a full and fair opportunity to raise this Fourth Amendment claim in the state courts. See Villafuerte v. Stewart, 111 F. 3d 616, 627 (9ᵗʰ Cir. 1997).

Moreover, "[A]n illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction." United States v. Crews, 445 U.S. 463, 474 (1980)(citing Gerstein v. Pugh, 420 U.S. 103, 119 (1975)); See also Frisbie v. Collins, 342 U.S. 519 (1952); Ker v. Illinois, 119 U.S. 436 (1886).  The Supreme Court has held that "[T]he 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." INS v. Lopez-Mendoza, 468

31

U.S. 1032, 1039 (1984).  Although the exclusionary rule prohibits the introduction at trial of evidence that was seized in violation of the constitution, a criminal defendant "is not himself a suppressible 'fruit,' and the illegality of his detention cannot deprive the Government of the opportunity to prove his guilt through the introduction of evidence wholly untainted by the police misconduct." United States v. Crews, 445 U.S. at 474.  Petitioner does not identify any evidence other than his own body that was seized during this allegedly unlawful arrest.  Thus, the mere fact that petitioner may have been arrested without probable cause would not prevent him from being prosecuted and convicted of this offense.

### F.  Claim # 11.  The cumulative errors claims.

Petitioner finally contends that he is entitled to habeas relief because of cumulative error.

The cumulative weight of alleged constitutional trial errors in a state prosecution does not warrant federal habeas relief, because there is no clearly established federal law permitting or requiring the cumulation of distinct constitutional claims to grant habeas relief. Moore v. Parker, 425 F. 3d 250, 256 (6th Cir. 2005).  Therefore, petitioner is therefore not entitled to habeas relief on the grounds of cumulative error. Id.

### G.  The motions for the appointment of counsel/evidentiary hearing.

Petitioner has also filed a motion for the appointment of counsel and for an

32

evidentiary hearing.

The Court will also deny petitioner's motion for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. <u>Cobas v. Burgess,</u> 306 F. 3d 441, 444 (6th Cir. 2002). Because petitioner's claims lacks any merit, the Court will deny petitioner's request for the appointment of counsel. See <u>Lemeshko v. Wrona</u>, 325 F. Supp. 2d 778, 788 (E.D. Mich. 2004).

A habeas petitioner is not entitled to an evidentiary hearing on his claims if they lack merit. See <u>Stanford v. Parker,</u> 266 F. 3d 442, 459-60 (6th Cir. 2001). In light of the fact that petitioner's claims are devoid of merit, he is not entitled to an evidentiary hearing on his claims.

## IV.  Conclusion

The Court will deny the petition for writ of habeas corpus.

A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. [4] 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the

---

[4]  Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. at 327.  In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. Id. at 336-37.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. See Millender v. Adams, 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002).

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed in forma pauperis (IFP) is a lower standard than the standard for certificates of appealability. See Foster v. Ludwick, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002).  Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. Id. at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a).  "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits.

34

<u>Foster,</u> 208 F. Supp. 2d at 765.  Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed <u>in forma pauperis</u> on appeal. <u>Id.</u>

## V. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED that the motion for the appointment of counsel [Dkt. # 2] and the motion for an evidentiary hearing [Dkt. # 3] are **DENIED.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **GRANTED** leave to appeal <u>in forma pauperis</u>

Date:   January 12, 2015                      s/Marianne O. Battani
                                              MARIANNE O. BATTANI
                                              United States District Judge

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on January 12, 2015.

                                              s/ Kay Doaks
                                              Case Manager