UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ATIBA MERIWEATHER,

   Petitioner,

v.
                                           CASE NO. 2:14-CV-11457
                                           HONORABLE MARIANNE O. BATTANI
                                           UNITED STATES DISTRICT COURT

DEWAYNE BURTON,

   Respondent,
_____/

**ORDER DIRECTING THE CLERK OF THE COURT TO TRANSFER THE MOTION FOR THE APPOINTMENT OF APPELLATE COUNSEL [Dkt. # 14] AND THE MOTION FOR A CERTIFICATE OF APPEALABILITY [Dkt. # 15] TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

On January 12, 2015, this Court denied the petition for writ of habeas corpus and denied petitioner a certificate of appealability, but granted petitioner leave to appeal in forma pauperis. See Meriweather v. Burton, No. 2:14-CV-11457, 2015 WL 144679 (E.D. Mich. January 12, 2015).

On January 28, 2015, petitioner filed a notice of appeal with the United States Court of Appeals for the Sixth Circuit. [Dkt. # 12].

On February 10, 2015, petitioner filed a motion for the appointment of counsel and a motion for a certificate of appealability.

For the reasons stated below, the Court will order that petitioner's motion for the appointment of counsel and his motion for a certificate of appealability to be transferred to the United States Court of Appeals for the Sixth Circuit.

1

A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 379 (1985)(citing Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)( per curiam )); See also Workman v. Tate, 958 F. 2d 164, 167 (6th Cir. 1992). Petitioner's notice of appeal divests this Court of jurisdiction to consider his motion for the appointment of appellate counsel. See Murray v. Artl, 189 Fed. Appx. 501, 504 (7th Cir.2006); Glick v. U.S. Civil Service Com'n, 567 F. Supp. 1483, 1490 (N.D. Ill. 1983); Brinton v. Gaffney, 560 F. Supp. 28, 29-30 (E.D. Pa. 1983). Because jurisdiction of this action was transferred from the district court to the Sixth Circuit Court of Appeals upon the filing of the notice of appeal, petitioner's motion for the appointment of appellate counsel would be more appropriately addressed to the Sixth Circuit. See Grizzell v. State of Tennessee, 601 F. Supp. 230, 232 (M.D. Tenn. 1984).

Petitioner's motion for a certificate of appealability should likewise be transferred to the Sixth Circuit because this Court already denied petitioner a certificate of appealability when denying him habeas relief.

The proper procedure when a district court denies a certificate of appealability is for the petitioner to file a motion for a certificate of appealability before the appellate court in the appeal from the judgment denying the petition for writ of habeas corpus or the motion to vacate sentence. See Sims v. U.S., 244 F.

3d 509 (6th Cir. 2001)(citing Fed. R.App. P. 22(b)(1)). Because this Court has already denied petitioner a certificate of appealability, his request for a certificate of appealability should be directed to the Sixth Circuit.

A district court has the discretion, pursuant to 28 U.S.C. § 1631, to transfer a case or pleading that has been improperly filed in that court, in the interests of justice, to the proper court. See <u>Roman v. Ashcroft,</u> 340 F.3d 314, 328 (6th Cir. 2003).

The Court will therefore order that the Clerk of the Court transfer petitioner's motion for the appointment of counsel [Dkt. # 14] and the motion for a certificate of appealability [Dkt. # 15] to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

Date: March 9, 2015    s/Marianne O. Battani
                       MARIANNE O. BATTANI
                       United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 9, 2015.

                       s/ Kay Doaks
                       Case Manager